IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHN DOE,

    Plaintiff,

v.

APSTRA, INC., a Delaware corporation, and
DOES 1 through 10,

    Defendants.

No. C 18-04190 WHA

**ORDER RE MOTION TO DISMISS**

**INTRODUCTION**

In this employment-discrimination action, defendant moves to dismiss on the ground that plaintiff improperly filed the complaint under a pseudonym. For the reasons explained below, the motion to dismiss is **DENIED**. Defendant's remaining arguments for dismissal and for judgment on the pleadings are **HELD IN ABEYANCE**.

**STATEMENT**

In November 2014, defendant Apstra, Inc. hired plaintiff John Doe as a software engineer. Plaintiff had recently left his previous job after employees there spread rumors that plaintiff suffered from a "perceived disability." Two colleagues from plaintiff's former company then also joined Apstra. Those colleagues asked plaintiff questions about his departure from the previous company and about plaintiff's perceived disability. Shortly thereafter, and despite plaintiff's positive work performance, Apstra's employees and managers

1   began to leave plaintiff off of work communications and to cut him out of meetings. After
2   receiving a warning letter regarding his work performance, plaintiff complained to human
3   resources about this allegedly discriminatory conduct. In July 2015, immediately after plaintiff
4   complained to human resources, Apstra terminated plaintiff from the company (Dkt. No. 1-1).

5   Following multiple statute-of-limitations tolling agreements between the parties,
6   plaintiff filed the complaint pseudonymously in state court in June 2018. The complaint alleged
7   that Apstra wrongfully terminated plaintiff based on a perceived disability and asserted claims
8   for: (1) violation of the Americans with Disabilities Act; (2) violations of California's Fair
9   Employment and Housing Act; (3) wrongful termination in violation of public policy; (4)
10  violations of the California Labor Code; (5) intentional infliction of emotional distress; and (6)
11  termination in retaliation for engaging in protected activity. Apstra removed the action to this
12  district in July 2018 and now moves to dismiss and for judgment on the pleadings (Dkt. Nos. 1,
13  9). This order follows full briefing and oral argument.

**ANALYSIS**

FRCP 10(a) requires that "[t]he title of the complaint must name all the parties." This rule reflects the "paramount importance of open courts" such that the "default presumption is that the plaintiffs will use their true names." *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1046 (9th Cir. 2010). In this circuit, parties may use pseudonyms in unusual cases where nondisclosure of the party's identity is necessary "to protect a person from harassment, injury, ridicule or personal embarrassment." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067–68 (9th Cir. 2000) (quoting *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981)). In such a case, a party's need for anonymity must outweigh prejudice to the opposing party and the public's interest in knowing the party's identity. *Id.* at 1068.

Here, plaintiff fails to show that his interest in preserving his anonymity outweighs the prejudice to Apstra and the public's interest in open court proceedings. Plaintiff argues that disclosure of his perceived disability could be "humiliating" and that because his professional community is small, rumors regarding his identity, perceived disability, and former employer's adverse employment actions would quickly spread and result in professional stigmatization and

negative job prospects. But the professional harm plaintiff fears is similar to that faced by many plaintiffs who allege disability discrimination. Moreover, the complaint fails to even allege plaintiff's perceived disability, hindering the undersigned judge's ability to evaluate the extent to which a high risk of stigmatization exists. Plaintiff's concern regarding past adverse employment actions also fails to justify proceeding anonymously, especially where plaintiff claims that such employment actions resulted from the unlawful conduct challenged in the complaint. Allowing plaintiff to proceed anonymously would also hamper Apstra's efforts to investigate and defend this action. And, importantly, there is a strong public policy in favor of openness of our court system, and the public is entitled to know who is seeking relief. Accordingly, plaintiff may not proceed under a pseudonym.

Apstra's motion to dismiss the complaint on this ground, however, is **DENIED**. While the undersigned judge has the discretion to dismiss the complaint based on a plaintiff's failure to adhere to FRCP 10(a), Apstra cites no authority indicating that such a result is required. Apstra relies on *Doe v. Kamehameha School*, 596 F.3d 1036 (9th Cir. 2010), but that decision does not require dismissal. There, the district court dismissed the action only after the plaintiffs declined to file an amended complaint in their own names. Moreover, plaintiff originally filed this action in state court where the standard for proceeding anonymously may be more lenient. It would be unfair for Apstra to haul plaintiff into federal court only to obtain the harsh result of dismissal for the complaint's failure to adhere to the federal rules. Plaintiff will accordingly be given a chance to amend.[1]

---

[1] This order agrees that Apstra's disclosure of plaintiff's name in its removal and moving papers was premature. Nevertheless, the record fails to demonstrate that such disclosures warrant sanctions. Plaintiff's request for sanctions is accordingly **DENIED**.

## CONCLUSION

If plaintiff wants to proceed with this action under his true name, he must file an amended complaint which identifies himself by **AUGUST 30 AT NOON**. No other amendments to the complaint are permitted at this time. Should plaintiff refuse to disclose his identity, the action will be dismissed. The Court will address the remaining arguments raised in Apstra's motion upon plaintiff's timely filing of an amended complaint.

**IT IS SO ORDERED.**

Dated: August 23, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE