IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TAL RUSAK,

    Plaintiff,

v.

APSTRA, INC., a Delaware corporation, and
DOES 1 through 10,

    Defendants.

No. C 18-04190 WHA

**ORDER RE MOTION TO DISMISS**

## INTRODUCTION

In this employment-discrimination action, defendant moves to dismiss a portion of plaintiffs' claims. For the reasons explained below, the motion to dismiss is **GRANTED IN PART AND DENIED IN PART**.

## STATEMENT

In November 2014, defendant Apstra, Inc. hired plaintiff Tal Pusak as a software engineer. Plaintiff had recently left his previous job after employees there spread rumors that plaintiff suffered from a "perceived disability." Two colleagues from plaintiff's former company then also joined Apstra. Those colleagues asked plaintiff questions about his departure from the previous company and about plaintiff's perceived disability. Shortly thereafter, and despite plaintiff's positive work performance, Apstra's employees and managers began to leave plaintiff off of work communications and to cut him out of meetings. After receiving a warning letter regarding his work performance, plaintiff complained to human

resources about this allegedly discriminatory conduct. In July 2015, immediately after plaintiff's complaint to human resources, Apstra terminated plaintiff from the company (Dkt. No. 1-1).

Following multiple statute-of-limitations tolling agreements between the parties, plaintiff filed the complaint pseudonymously in state court in June 2018. The complaint alleged that Apstra wrongful terminated plaintiff based on a perceived disability and asserted claims for: (1) violation of the Americans with Disabilities Act; (2) violation of California's Fair Employment and Housing Act; (3) wrongful termination in violation of public policy; (4) violations of the California Labor Code; (5) intentional infliction of emotional distress; and (6) termination in retaliation for engaging in protected activity. Apstra removed the case to this district in July 2018 and moved to dismiss and for judgment on the pleadings. After an August 23 order concluded that plaintiff could not proceed anonymously, plaintiff timely filed an amended complaint identifying himself. This order now addresses the remaining arguments raised in defendant's July 19 motion to dismiss (Dkt. Nos. 1, 9, 25).

**ANALYSIS**

**1.  SOME OF PLAINTIFF'S FEHA CLAIMS ARE BARRED.**

Apstra moves to dismiss plaintiff's Fair Employment and Housing Act ("FEHA") claims on the ground that those claims are barred for failure to exhaust administrative remedies. According to the complaint, plaintiff exhausted his administrative remedies when he filed a charge of discrimination with the EEOC in August 2016 and received a right-to-sue letter from the EEOC in August 2017. Based on these allegations — and based on the Department of Fair Employment and Housing's response to Apstra's Public Records Act request that it had no materials concerning a charge of discrimination filed by plaintiff against Apstra — Apstra initially argued in its motion to dismiss that plaintiff's FEHA claims were barred by plaintiff's failure to exhaust administrative remedies. Apstra argued that a right-to-sue letter from the

EEOC satisfied the exhaustion requirement for federal claims, but not for plaintiff's FEHA claims.[1]

In opposing the motion to dismiss, plaintiff explained that filing a charge with the EEOC automatically files the charge with the DFEH and repeated the complaint's allegation that plaintiff filed his charge against Apstra in August 2016. Plaintiff also attached to his opposition a previously undisclosed September 2016 right-to-sue letter he received from DFEH. In the face of this right-to-sue letter and plaintiff's representations regarding the date on which he filed his administrative complaint, Apstra's reply brief changed tack to argue that, even assuming plaintiff had received a right-to-sue letter from the appropriate administrative agency, plaintiff filed his charge outside of the one-year period prescribed by the FEHA.[2]

Section 12960 of the California Government Code sets forth a one-year statute of limitations for claims under the FEHA. Apstra terminated plaintiff in July 2015. If, as asserted in the complaint and plaintiff's opposition to the instant motion, plaintiff had filed his administrative complaint on August 31, 2016, then plaintiff's FEHA claims would be barred for failure to file within the applicable statute of limitations. Plaintiff's surreply, however, clarified that the complaint cited August 31, 2016 as the "charge date" because that is the date printed on the EEOC Form 5. In actuality, plaintiff contends, the charge was filed on May 17, 2016, when a case administrator interviewed plaintiff and completed an intake questionnaire on the EEOC website.[3]

Apstra does not dispute that completion of the intake questionnaire constitutes a charge of discrimination for purposes of FEHA's statute of limitations. As Apstra points out, however,

---

[1] FRE 201(b)(2) allows judicial notice of "a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Apstra's unopposed request for judicial notice of the EEOC's right-to-sue notice is accordingly **GRANTED**. Plaintiff's unopposed request for judicial notice of plaintiff's state court complaint is also **GRANTED**.

[2] Apstra's objections to plaintiff's declarations on the ground that the declarations fail to identify plaintiff's true name are **OVERRULED**.

[3] On August 16 — one week after Apstra filed its reply in support of the instant motion — plaintiff filed an *ex parte* motion for leave to file a surreply regarding the statute of limitations issue. This order agrees that Apstra could have made its statute of limitations argument based on the allegations in the complaint and therefore could have raised the argument in its opening brief. To afford plaintiff an opportunity to respond to the argument, plaintiff's motion to file a surreply is **GRANTED**.

the new questionnaire establishes that plaintiff failed to exhaust his administrative remedies as to his retaliation claims, as plaintiff never checked that box in the questionnaire. Rather, in the questionnaire plaintiff claims only that Apstra "fired [him] because of discrimination around a perceived disability." Apstra's motion to dismiss plaintiff's FEHA claims for retaliation is accordingly **GRANTED**. Apstra's motion to dismiss plaintiff's FEHA claims for discrimination on statute of limitations grounds is **DENIED**.

**2. PLAINTIFF FAILS TO STATE A CLAIM FOR DISABILITY DISCRIMINATION.**

Plaintiff's first and second claims for relief must be dismissed because plaintiff has not made a *prima facie* showing of disability discrimination under the ADA or the FEHA. To be sure, both statutes protect individuals perceived as having a physical or mental impairment. 42 U.S.C. § 12102; Cal. Gov't Code § 12926.1. The complaint fails to allege, however, any facts addressing the nature of plaintiff's perceived disability, alleging only generally that Apstra perceived him "as having a disability." The complaint therefore fails to plausibly establish plaintiff's eligibility for disability-related protections. *Smith v. Constellation Brands, Inc.*, No. C 16-04101 WHA, 2016 WL 4585814, at *2 (N.D. Cal. Sept. 2, 2016). Apstra's motion to dismiss plaintiff's first and second claims for disability discrimination is accordingly **GRANTED**.[4]

**3. PLAINTIFF FAILS TO STATE A CLAIM UNDER THE CALIFORNIA LABOR CODE.**

Section 1050 of the California Labor Code provides:

> Any person, or agent or officer thereof, who, after having discharged an employee from the service of such person or after an employee has voluntarily left such service, by any misrepresentation prevents or attempts to prevent the former employee from obtaining employment, is guilty of a misdemeanor.

Section 1054, in turn, authorizes treble damages in a civil action for a violation of Section 1050. The complaint's factual allegations — that Apstra's managers knew about plaintiff's perceived disability and discussed it with him and that plaintiff is currently unable to obtain employment — are insufficient to state a claim under Section 1050. The complaint fails to allege any facts concerning the recipient, speaker, or content of the alleged misrepresentations.

---

[4] Plaintiff's argument that Apstra's FRCP 12(c) motion is untimely is meritless. FRCP 12(c) provides: "After the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings." Apstra filed its answer to the complaint in state court on July 12 and the pleadings accordingly closed on that date. Apstra's July 19 motion is therefore timely.

4

At most, the complaint asserts speculative allegations that plaintiff's inability to obtain employment is due to certain undisclosed misrepresentations by Apstra. Apstra's motion to dismiss plaintiff's claim under Sections 1050 and 1054 is accordingly **GRANTED**.

**CONCLUSION**

For the foregoing reasons, Apstra's motion to dismiss is **GRANTED IN PART AND DENIED IN PART**. By **SEPTEMBER 20 AT NOON**, plaintiff may seek leave to amend the dismissed claims by a formal motion noticed on the normal 35-day calendar. Plaintiff must plead his best case. His motion should affirmatively demonstrate how the proposed amended complaint corrects the deficiencies identified in this order, as well as any others raised in Apstra's motion but not addressed herein. The motion should be accompanied by a redlined copy. Failure to timely file a motion seeking leave to amend will result in judgment in favor of defendant Apstra as to the dismissed claims.

**IT IS SO ORDERED.**

Dated: September 5, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE